**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 112853

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Lazarao Cintron, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>Monterey Financial Services, Inc. d/b/a Monterey Collections,<br><br>    Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

  Lazarao Cintron, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Monterey Financial Services, Inc. d/b/a Monterey Collections (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

  1.  This action seeks to recover for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

### JURISDICTION AND VENUE

  2.  This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

  3.  Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

  4.  At all relevant times, Defendant conducted business within the State of New Jersey.

## PARTIES

5. Plaintiff Lazarao Cintron is an individual who is a citizen of the State of New Jersey.

6. Plaintiff is a natural person residing Union County, New Jersey.

7. On information and belief, Defendant Monterey Financial Services, Inc. d/b/a Monterey Collections, ("Monterey Financial") is a California Corporation with a principal place of business in San Diego County, California.

8. Monterey Financial is a "person" as defined by 47 U.S.C. § 153(39).

## ALLEGATIONS

9. Plaintiff has a cellular telephone.

10. Plaintiff has had the same cellular telephone number for at least two (2) years.

11. Beginning in early 2017, on an exact date known only to Monterey Financial, Monterey Financial began calling Plaintiff's cellular phone using an automatic telephone dialing system.

12. Beginning in early 2017, on an exact date known only to Monterey Financial, Monterey Financial began calling Plaintiff's cellular phone using an artificial or prerecorded voice.

13. Monterey Financial called Plaintiff's cellular telephone from telephone number 1-760-639-3500.

14. Such telephone number is owned by Monterey Financial.

15. Such calls occurred serially on March 21, 2017, April 3, 2017, April 4, 2017, as well as other dates.

16. Certain calls were answered by Plaintiff.

17. Certain calls were received by Plaintiff's voicemail.

18. Plaintiff did not give Monterey Financial consent to call his cellular telephone using an auto-dialer.

19. Plaintiff did not give Monterey Financial consent to call his cellular telephone using an artificial or prerecorded voice.

20. Monterey Financial's calls were not for emergency purposes.

21. Monterey Financial's calls were unwanted by Plaintiff.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

22. Monterey Financial acted willfully.

23. Monterey Financial acted with full knowledge that its actions were unlawful.

24. 47 U.S.C. § 227(b)(1) provides: "It shall be unlawful for any person within the United States – (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) .... using any automatic telephone dialing system or an artificial or prerecorded voice... (iii) to any ... cellular telephone service."

25. Monterey Financial's conduct, as described herein, violated 47 U.S.C. § 227.

26. Monterey Financial's conduct, as described herein, caused Plaintiff's voicemail to become full.

27. Monterey Financial's conduct, as described herein, was an electronic intrusion upon Plaintiff's cellular phone.

28. Monterey Financial's conduct, as described herein, caused Plaintiff's cellular phone's battery to become depleted, causing Plaintiff to use electricity to recharge same.

29. Monterey Financial's conduct, as described herein, was an invasion of Plaintiff's privacy.

30. Monterey Financial's conduct, as described herein, caused Plaintiff annoyance and aggravation.

31. Monterey Financial's conduct, as described herein, caused Plaintiff to waste time.

32. Monterey Financial's conduct, as described herein, caused Plaintiff to be distracted.

## CLASS ALLEGATIONS

33. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New Jersey.

34. The class consists of, "All persons within the State of New Jersey who received calls from Monterey Financial to such person's cellular telephone, initiated by Monterey Financial through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice, without consent, within the four years prior to the filling of the Complaint."

35. The Class consists of many more than 50 persons

36. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this Complaint affect all members of the Class and predominate over any

individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

37. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

38. Monterey Financial has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

39. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Monterey Financial's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under the TCPA, consumer protection laws and common law.

## JURY DEMAND

40. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

  a. Certify this action as a class action; and

  b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

  c. Find that Monterey Financial's actions violate the TCPA; and

  d. Grant statutory damages against Monterey Financial pursuant to 47 U.S.C. § 227(b)(3)(C) and/or 47 U.S.C. § 227(b)(3)(B), for each and every violation; and

  e. Pursuant to 47 U.S.C. § 227(b)(3)(A), grant injunctive relief prohibiting such conduct in the future.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

      f.   Grant Plaintiff attorneys' fees as permitted by law; and

      g.   Grant Plaintiff costs; together with

      h.   Such other relief that the Court determines is just and proper.

DATED: September 26, 2017

**BARSHAY SANDERS, PLLC**

By: _/s/ *Melissa Pirillo*_____
Melissa Pirillo, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
dbarshay@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 112853