**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAZARAO CINTRON,<br><br>*Plaintiff,*<br><br>v.<br><br>MONTEREY FINANCIAL SERVICES, INC.,<br><br>*Defendant.* | Civil Action No. 17-11538<br>(JMV) (CLW)<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

On January 10, 2019, the Court ordered (D.E. 23) both parties to submit briefs addressing the issue of whether claim preclusion applies to the current matter in light of Judge Cecchi's opinion and order in *Cintron v. Monterey Financial Services, Inc.*, 17-11537. Civil No. 17-11537, D.E. 20, 21. The Court also ordered the pending motion to dismiss be administratively terminated. D.E. 23. In response, Defendant refiled its motion to dismiss with additional briefing as to claim preclusion, D.E. 24, to which Plaintiff filed an opposition, D.E. 25. The Court reviewed the parties' submissions[1] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons discussed below, Defendants' motions to dismiss is **GRANTED.**

---

[1] Defendant's brief in support of its motion to dismiss is referred to as "Def. Br." (D.E. 24); Plaintiff's opposition brief is referred to as "Pl. Opp. Br." (D.E. 25).

## I. FACTS & PROCEDURAL HISTORY[2]

In Judge Cecchi's case, Plaintiff sued Defendant on November 10, 2017 for violations of the Fair Debt Collection Practices Act ("FDCPA"). Civ. No 17-11537, D.E. 1 at ¶ 1. The allegations concerned a Retail Installment Contract ("Contract") between Plaintiff and third party Achieve Today. *See* Civ. No 17-11537, D.E. 6-3 at 6. Plaintiff allegedly owed Achieve Today a debt "for personal, family or household purposes." Civ. No 17-11537, D.E. 1 at ¶ 11. Plaintiff fell behind on payments, and the debt was assigned to Defendant. *Id.* ¶ 12-13. The Contract contained an "Agreement for Dispute Resolution," which the Plaintiff electronically signed. Civ. No 17-11537, D.E. 6-3 at 8. On October 10, 2018, Judge Cecchi granted in part and denied in part as moot Defendant's motion to dismiss. Civ. No 17-11537, D.E. 20, 21.

In the current matter, Plaintiff also sued Defendant on November 10, 2017, alleging violations of the Telephone Consumer Protection Act ("TCPA"). D.E. 1 at ¶ 1. Although filed as a separate matter, the underlying facts in both cases are similar. The same Plaintiff sued the same Defendant. Plaintiff alleges that Defendant, without Plaintiff's consent, began calling Plaintiff's cellular phone number using "an automatic telephone dialing system" with an "artificial or prerecorded voice." *Id.* at ¶¶ 11-12, 18.

In light of Judge Cecchi's decision in Civ. No 17-11537, the Court determines that claim preclusion applies to the matter before it.

## II. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]" To withstand a

---

[2] The factual background is taken from the Complaint, D.E. 1. When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

2

motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

Claim preclusion can be raised under Rule 8(c) as an affirmative defense. However, the Third Circuit allows claim preclusion to be asserted in a motion to dismiss. *See Courteau v. United States*, 2007 WL 1456198, at *2 (D.N.J. May 14, 2007), aff'd, 287 F. App'x 159 (3d Cir. 2008). The Third Circuit also noted that a trial court can *sua sponte* raise the issue of claim preclusion. *Id.* (citing *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir.1993)).

3

## III. ANALYSIS

The Court applies the law of preclusion from the first case, which was Judge Cecchi's case. *See, e.g., Gimenez v. City of Newark*, 2006 WL 3019685, at *1-2 (D.N.J. Oct. 24, 2006). Notably, for claim preclusion purposes, the first case refers to the case that was resolved first. *See id.* Judge Cecchi's case addressed a federal question under the FDCPA, so the Court applies the federal claim preclusion standards.

Generally, a plaintiff is required to "present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence." *Conceicao v. Nat'l Water Main Cleaning Co.*, 650 F. App'x 134, 135 (3d Cir. 2016) (quoting *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 984 (3d Cir. 1984)). As such, claim preclusion "bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit." *Duhaney v. Attorney General of U.S.*, 621 F.3d 340, 347 (3d Cir. 2010) (citing *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008)). Claim preclusion consists of three elements: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Board of Trustees of Trucking Employees Welfare Fund, Inc. v. Centra*, 983 F.2d 495, 504 (3d Cir. 1992) (quoting *In re Mullarkey*, 536 F.3d at 225) (internal quotation marks omitted). Critically, when viewing the first case, claim preclusion "gives dispositive effect to a prior judgment if a *particular issue, although not litigated, could have been raised* in the earlier proceeding." *Id.* If the three elements are present then "a claim that was or could have been raised previously must be dismissed as precluded." *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1999).

Additionally, the Third Circuit has explained that "[c]ourts should not apply this conceptual test mechanically, but should focus on the central purpose of the doctrine, to require a plaintiff to

4

present all claims arising out [of] the same occurrence in a single suit." *Churchill v. Star Enterprises*, 183 F.3d 184, 194 (3d Cir. 1999) (quoting *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 984 (3d Cir. 1984)) (internal quotation marks omitted). "Claim preclusion turns not on the specific legal theory asserted but on the essential similarity of the underlying events that give rise to the various legal claims." *Jackson v. Dow Chem. Co.*, 518 F. App'x 99, 102-03 (3d Cir. 2013) (citation omitted). As the Third Circuit has explained:

> Federal courts look to whether the claims arise out of the same transaction or occurrence . . . and the focus is on whether the acts complained of were the same, whether the material facts alleged in each suit were the same, and whether the witnesses and documentation required to prove such allegations were the same.

*Id.* (internal citation and quotation marks omitted).

Here, all three elements are satisfied. First, there was a "final judgment on the merits" in Judge Cecchi's case, and that case was closed on October 10, 2018. Neither party appears to dispute that Judge Cecchi's order is the final judgment on the merits for claim preclusion purposes. *See Abdullah v. The Small Bus. Banking Dep't of the Bank of Am.*, 668 F. App'x 413, 414 (3d Cir. 2016) (An order granting a motion to dismiss for failure to state a claim under Federal Rule 12(b)(6) constitutes a final judgment on the merits.). Second, the element of "same parties or their privies" is also met, because both matters involve the same Plaintiff and Defendant. Plaintiff claims that both matters do not have the same parties, since different classes are present in both matters. D.E. 25 at 5. However, "[a]dding parties to the class in a subsequent class action does not necessarily preclude parties from satisfying the second prong of the res judicata test, that the parties are the same or privies of the parties in the first action." *See Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 278 (3d Cir. 2014) (citation omitted). Plaintiff has not demonstrated that he

5

could not have sought a class action as to the alleged FDCPA violation and TCPA violation in the same case.

Third, the matter before the Court here meets the third element because of the requisite transactional nexus. D.E. 24-1 at 7. Both cases focus on Defendant's efforts to collect the same debt during the same time period. Judge Cecchi's case concerned the debt collection letter dated January 11, 2017 sent from Defendant to Plaintiff. Civ. No 17-11537, D.E. 1 ¶ 14. In this current case, Defendant's telephone calls to Plaintiff covered "early 2017" to April 2017. D.E. 1 ¶¶ 11-12, 15. Plaintiff's claims in both suits arise out of the same transaction and occurrence. As a result, Plaintiff could have raised his current TCPA claims in Judge Cecchi's case. The fact that different causes of action were asserted in both cases is of no moment in light of the similarity of the underlying events that gave rise to the claims. *Jackson*, 518 F. App'x at 102-03.

## IV. CONCLUSION

For the reasons set forth above, and for good cause shown,

**IT IS** on this 30th day of April, 2019,

**ORDERED** that the Defendant Monterey Financial Services, Inc.'s motion to dismiss, D.E. 24, is **GRANTED**; and it is further

**ORDERED** that this action is hereby **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that the Clerk's Office shall close this matter.

John Michael Vazquez, U.S.D.J.

6